

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ABRAHAM SPOTTED ELK,<br><br>             Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>             Defendants. | CV 18-67-BLG-SPW<br><br>ORDER ADOPTING FINDINGS<br>AND RECOMMENDATIONS |

Petitioner Abraham Spotted Elk, appearing pro se, seeks habeas corpus relief under 28 U.S.C. § 2254. Spotted Elk challenges his net sentence of a forty-year term of incarceration for one count of assault on a peace officer and two counts of criminal endangerment. Before the Court are the United States Magistrate Judge's Findings and Recommendations. (Doc. 22.) The Magistrate recommended the Court dismiss Spotted Elk's Amended Petition for Writ of Habeas Corpus (Doc. 3) as procedurally defaulted without excuse and deny him a certificate of appealability. (Doc. 22 at 11–12.)

The Magistrate concluded Spotted Elk's constitutional claims were procedurally defaulted because Spotted Elk failed to present his constitutional claims to the Montana Supreme Court. (Doc. 22 at 4.) Moreover, Spotted Elk failed to demonstrate any exception that would allow the Court to hear the merits of his claim

1

regardless of his procedural default—namely a showing of actual innocence or a showing of adequate legal cause for his default and actual prejudice. (*Id.*) Therefore, the Magistrate determined Spotted Elk's claims were procedurally defaulted without excuse and recommended that the Court dismiss his petition under 28 U.S.C. § 1915 because it plainly appeared from the petition Spotted Elk was not entitled to relief. (*Id.* (citing Rule 4 Governing § 2254 Cases)).

Spotted Elk filed timely objections to the Magistrate's Findings and Recommendations. (Doc. 23.) However, instead of addressing the Magistrate's findings of fact or legal conclusions regarding his procedural default and lack of a legal excuse, Spotted Elk restated the constitutional claims he raised in his amended petition. (Docs. 3, 23.) He reiterated arguments that he did not commit an assault on a police officer, he was sentenced without notice of the alleged denial of his signed plea agreement, and District Court Judge Souza should have been recused because he was allegedly involved in Spotted Elk's 1980 prosecution for sexual assault. (Doc. 23 at 1–3.)

Pursuant to 28 U.S.C. § 636(b)(1), parties are required to file written objections within 14 days after the Magistrate files Findings and Recommendations. When a party timely objects to any portion of the Magistrate's Findings and Recommendations, the Court must review those portions of the Findings and Recommendations de novo. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v.*

*Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

28 U.S.C. § 2254 bars federal courts from granting habeas corpus relief if the applicant has not exhausted the remedies available in state courts, unless the petitioner can demonstrate actual innocence or cause and prejudice for the default. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Schlup v. Delo*, 513 U.S. 298, 324 (1995). By his own admission, Spotted Elk did not file a direct appeal or seek any form of collateral review for his convictions, including state habeas or postconviction relief. (Doc. 3 at 2–3.) The Magistrate correctly determined both that Spotted Elk's arguments were procedurally defaulted and that Spotted Elk failed to show actual innocence or cause and prejudice for the default.

First, a petitioner may overcome the prohibition on reviewing procedurally defaulted claims if the petitioner shows "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (quoting *Schlup*, 513 U.S. at 327). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Spotted Elk contests some of the evidence

used in his conviction for assault on a police officer, but he provides no new evidence of actual innocence. It is not more likely than not (or likely at all) that no reasonable juror would have convicted him in the light of any purportedly new evidence.

Second, a petitioner may overcome the prohibition on reviewing procedurally defaulted claims if the petitioner demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law . . . ." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). While Spotted Elk argues he was never provided notice of the alleged denial of his signed plea agreement, the alleged denial never occurred. The plea agreement allowed the parties to argue for whatever legal sentence they deemed appropriate. (Doc. 14-2 at 3.) That Spotted Elk did not receive the term of incarceration he argued for is immaterial. The District Court did not deny Spotted Elk's plea agreement when it sentenced him to 40 years in prison.

There is also nothing in the record supporting Spotted Elk's belief that Judge Souza gave undue weight to Spotted Elk's 1980 sexual assault conviction. Rather, the record reveals Judge Souza appropriately considered Spotted Elk's 1980 sexual assault conviction in the overall context of his criminal history.

Moreover, to the extent either of these issues existed, Spotted Elk was aware of them at the time of sentencing. He has given no justifiable cause for his failure to raise them to the Montana Supreme Court for consideration. Spotted Elk has failed to show cause for his procedural default and actual prejudice resulting from

alleged violations of federal law. For these reasons, the Court concurs with the Magistrate's recommendation to dismiss the petition.

Furthermore, Spotted Elk has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Spotted Elk has not shown "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Spotted Elk has not established an adequate basis to excuse the procedural default of his claims. There are no close questions and no basis to encourage further proceedings, so the Court will not issue a Certificate of Appealability under 28 U.S.C. § 2253(c)(2). Accordingly,

**IT IS HEARBY ORDERED:**

1. Spotted Elk's Amended Petition for Writ of Habeas Corpus (Doc. 3) is **DISMISSED** because the claims he raises are procedurally defaulted without excuse.
2. The Clerk of Court shall enter a judgment of dismissal.
3. Spotted Elk is denied a Certificate of Appealability.

DATED this 24th day of October, 2019.

Susan P. Watters
SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE